WILLIAM J. WINTER, Appellant, *v.* JAMES H. ANDERSON and Others, Respondents.

Fourth Department, May 22, 1935.

*William F. Tanner* [*Michael H. Cahill* of counsel], for the appellant.

*Daniel J. Kenefick, Ernest J. Brown* and *R. G. Hunt* [*Lyman M. Bass* of counsel], for the respondents.

PER CURIAM. The Special Term was fully justified in finding on this record that in the conversation between the trial justice and the principal affiant the judge made no statements from which a conclusion of prejudice or bias on his part in favor of the defendants

or of personal interest in the case, could be drawn. In reaching this conclusion we particularly take into consideration (in addition to the denials of the judge himself) the later broadcast statement of the affiant made six weeks after the alleged conversation to the effect that the affiant had no evidence that the judge would not dispense justice according to the law, also the fact that the affiant did not disclose his alleged conversation for more than a year either to the plaintiff or to the counsel for the plaintiff, although he called the counsel for the plaintiff his " old friend," and the fact that the judge was not indebted to the trust company in which many of the defendants were interested and to which according to the principal affidavit the judge said while the trial was in progress that he was then largely indebted. This being our view of the facts it is unnecessary to determine the legal question as to what, if any, possible interest, prejudice or bias of a trial judge, other than as provided as a disqualification in section 15 of the Judiciary Law, can be made the basis for the granting of a new trial.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order affirmed, with ten dollars costs and disbursements.